# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-4101-EFM-GEB |
| | ) |
| RUSH COUNTY SHERIFF DEPARTMENT | ) |
| and DEPUTY MARSHALL BROBERG, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER, NOTICE, AND REPORT AND RECOMMENDATION OF DISMISSAL**

This matter is before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3-1, *sealed*). For the reasons outlined below, the Court **GRANTS** Plaintiff's Motion in the event her claims are allowed to proceed by the District Judge. However, upon careful screening of the Amended Complaint **(ECF No. 5)**, as required by 28 U.S.C. § 1915(e)(2)(B), the Court **RECOMMENDS** the District Judge **DISMISS** all claims without prejudice because the Court lacks subject matter jurisdiction.

**I.   NOTICE**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any

1

objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.     Background[1]

On October 15, 2024, Plaintiff filed her original complaint along with the instant Motion (ECF No. 3, *sealed*). Upon initial review of the original complaint, the Court determined the matter may involve ongoing criminal proceedings and entered an Order (ECF No. 4) asking Plaintiff to amend the complaint form to include information regarding the exhaustion of any administrative remedies and any related litigation. On January 28, 2025, Plaintiff filed her Amended Complaint (ECF No. 5).

The Amended Complaint, although difficult to decipher, alleges through a combination of typed statements, handwritten pages of notes, and handwriting on top of alleged exhibits, excessive force against the Rush Country Sheriff Department after an incident that occurred on September 3, 2024.[2] According to Plaintiff, on that date she was working on her lot and taking care of trash.[3] It then is unclear to the Court the excessive force incident that occurred between Defendants and Plaintiff that day, but Plaintiff claims she suffered bruises, a broken window of her truck, personal property taken, and her service dog, Freedom, taken from her.[4] Plaintiff asserts no ticket or citation arose from the incident,

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Amended Complaint (ECF No. 5). This background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 5 at 1.
[3] *Id*. at 2.
[4] *Id*.

yet she alleges the Sheriff improperly set her bond and attaches Journal Entries of Bond Hearings continuing the bond hearings into February 2025.[5]

### III. Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*)

Under 28 U.S.C. §1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or giver security thereof."[6] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right-fundamental or otherwise.'"[7] However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[8]

To determine whether a party is eligible to file without prepayment of the fee, the court reviews a party's financial affidavit and compares their monthly expenses with the monthly income disclosed therein.[9] After careful review of Plaintiff's financial affidavit[10] and comparing Plaintiff's listed monthly income and expenses, the Court finds she is

---

[5] *Id*. at 15, 6-10.
[6] *Barnett ex rel. Barnett v. Nw. Sch*., No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997)).
[7] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).
[8] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).
[9] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[10] ECF No. 3-1, *sealed*.

3

financially unable to pay the filing fee. Thus, Plaintiff's Motion (ECF No. 3, *sealed*) is GRANTED. However, the Court must now screen Plaintiff's claims.

## IV. Screening of Amended Complaint and Recommendation of Dismissal (ECF No. 5)

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 1915(e)(2)(B) requires the court to screen the party's complaint. The purpose of screening is "the prevention of abusive or capricious litigation."[11] As relevant here, under § 1915(e)(2)(B)(ii), *sua sponte* dismissal is required if the court determines the action fails to state a claim upon which relief may be granted. This requires the Court to review Plaintiff's Amended Complaint under the same standard used when considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[12] Under this standard, a plaintiff's complaint "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[13] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[14]

Because Plaintiff proceeds pro se, her pleadings must be liberally construed.[15] However, because a legally adequate complaint "demands more than naked assertions,"[16]

---

[11] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing language contained in § 1915(d), prior to the statute's amendment in 1996)).
[12] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[13] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[14] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[15] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[16] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[17] And, the Court cannot "take on the responsibility of serving as [an] attorney in constructing arguments and searching the record."[18]

A liberal construction of Plaintiff's Amended Complaint finds Plaintiff is seeking to challenge ongoing state criminal proceedings in Rush County, Kansas. While not completely clear from the Amended Complaint, Plaintiff seems to request relief for constitutional violations resulting from the September 2024 incident and the ongoing proceedings. However, federal courts are required to abstain from interfering in ongoing state court criminal proceedings.

### A. *Younger* Abstention Doctrine

While Plaintiff may not be aware, federal courts are courts of limited jurisdiction.[19] The *Younger* abstention doctrine precludes federal courts from interfering in pending state court proceedings.[20] The doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems."[21] To determine whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint,

---

[17] *Bellmon*, 935 F. 2d at 1110.
[18] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[19] *Watson v. Missouri,* No. 15-9930-JAR, 2016 WL 1359868, at *2 (D. Kan. April 6, 2016) (citing *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) and *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995)).
[20] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).
[21] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997).

and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[22] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[23]

From what the Court can determine from the Journal Entries in the Amended Complaint, Plaintiff's criminal proceedings are ongoing. Therefore, it appears the first and second conditions for *Younger* abstention are met where Plaintiff's state criminal case is ongoing and the State of Kansas has an important interest in enforcing its' criminal laws through criminal proceedings in the state's courts.[24] Additionally, the third factor is met where Kansas courts provide Plaintiff with an adequate forum to litigate her constitutional claims by way of pretrial proceedings, trial, direct appeal after conviction and sentence, as well as post-conviction remedies.[25]  Thus, where all three conditions are met, the Court is required to abstain pursuant to the *Younger* doctrine.

---

[22] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)). See *Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).
[23] *Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).
[24] *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).
[25] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant "state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights").

The Court also considers it may decline to abstain under *Younger* when extraordinary circumstances are present, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[26] But plaintiffs must meet a "'heavy burden' to overcome the bar of *Younger* abstention [and must set] forth more than mere allegations of bad faith or harassment."[27] While Plaintiff alleges she has suffered excessive force from the Rush County Sheriff Department for a period of four (4) years, the bare allegation fails to meet the heavy burden of establishing bad faith or harassment on the part of the Defendants. Plaintiff's Amended, and now her operative, Complaint shows no allegations establishing extraordinary circumstances sufficient for the Court to decline to abstain under *Younger*, though the alleged incident and subsequent bond hearings have been upsetting for Plaintiff. Thus, to the extent the matter leading to any arrest and criminal proceedings against Plaintiff, and any related enforcement proceedings or appeals, remain ongoing the *Younger* abstention doctrine anticipates dismissal of Plaintiff's Amended Complaint.

## V. Conclusion

While Plaintiff's Motion (ECF No. 3, *sealed*) is granted, after careful review and being mindful Plaintiff proceeds on a pro se basis, the Court finds Plaintiff's Amended Complaint lacks subject matter jurisdiction. This Court is required to abstain from exercising jurisdiction over the ongoing state court proceedings in Rush County, Kansas.

---

[26] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). *See Younger*, 401 U.S. at 54; *Phelps v. Hamilton*, 59 F.3d 1058, 1064–68 (10th Cir. 1995).
[27] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066).

Therefore, it is recommended Plaintiff's Amended Complaint (ECF No. 5) be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** Plaintiff's Motion **(ECF No. 3, *sealed*)** is **GRANTED.**

**IT IS FURTHER RECOMMENDED** Plaintiff's Amended Complaint **(ECF No. 5)** be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

Dated March 26, 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
