**In the United States District Court
for the District of Kansas**

———————

Case No. 24-cv-04101-TC-GEB

———————

MARJORIE A. CREAMER,

*Plaintiff*

v.

RUSH COUNTY SHERIFF DEPARTMENT, ET AL.,

*Defendants*

———————

**ORDER**

    Plaintiff Marjorie Creamer filed this action alleging excessive force by the Rush County Sheriff. Docs. 1 & 5. Because Creamer submitted a motion for leave to proceed *in forma pauperis*, Doc. 3, Magistrate Judge Birzer screened her Complaint as required by 28 U.S.C. § 1915(e)(2). Judge Birzer granted Creamer's motion to proceed *in forma pauperis* but recommended that her Complaint be dismissed for lack of subject matter jurisdiction in light of *Younger* abstention. Doc. 7; *see generally Younger v. Harris*, 401 U.S. 37 (1971). Creamer filed a timely objection. Doc. 8.

    When a magistrate judge has issued a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). This means that objections to a magistrate judge's recommended disposition must be

1

"both timely and specific to preserve an issue for de novo review by the district court . . .." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019).

The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Generally speaking, it prevents federal courts from entertaining suits that could interfere with ongoing state criminal proceedings. *Younger*, 401 U.S. at 45. In such a case, a federal court must abstain from exercising jurisdiction where there is an ongoing state, civil, or administrative proceeding, the state court provides an adequate forum to hear the claims raised in the federal complaint, and the state proceedings involve important state interests. *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citing *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)).

All three requirements are met here. There is an ongoing state criminal proceeding against Creamer. Doc. 8-1. The basis of Creamer's suit is that she suffered excessive force while being arrested for the ongoing state criminal prosecution concerning battery, disorderly conduct, driving under the influence, and transporting an open container. *See id.* at 3–5; *see also* Doc. 8 at 1. As to the second prong, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Creamer has not met her burden of "proving that state procedural law barred presentation of [her claim]." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999); *see also Pennzoil*, 481 U.S. at 14 (noting that the burden "rests on the federal plaintiff to show that state procedural law barred presentation of [her] claims"). And the District of Kansas has repeatedly found that Kansas courts are an adequate forum to address constitutional claims. *McCollum v. Kansas*, No. 14-1049, 2014 WL 3341139, at *5 (D. Kan.

July 8, 2014); *Tinner v. Foster*, No. 11-2695, 2012 WL 1473417, at *4 (D. Kan. Apr. 27, 2012); *see also Steffel v. Thompson*, 415 U.S. 452, 460 (1974) ("[A] pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights."). Finally, state criminal proceedings are viewed under *Younger* as "a traditional area of state concern." *Winn*, 945 F.3d at 1258 (quoting *Seneca-Cayuga Tribe of Oklahoma v. State of Okl. ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989)).

Saying *Younger* applies only raises the question of what to do. The Magistrate Judge concluded that dismissal was appropriate. Doc. 7 at 5–7. The Supreme Court and the Tenth Circuit suggest that "claims for declaratory relief and injunctive relief are subject to outright dismissal," but staying proceedings seeking damages—instead of dismissing the case—is the better course "as to claims for money damages." *Graff v. Aberdeen Enterprises, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). Creamer's pleadings are not entirely clear, but it appears that she seeks injunctive relief relative to the ongoing criminal proceedings. *See* Doc. 8 at 2, 5; *accord* Doc. 1 (failing to request money damages); Doc. 5 (same). There is certainly nothing to suggest in any of the pleadings Creamer has filed that these ongoing state proceedings will not adequately remedy whatever claims she intends to present in this suit. Accordingly, the Magistrate Judge's decision suggesting dismissal is appropriate.

**IT IS THEREFORE ORDERED THAT** the Report and Recommendation, Doc. 7, is adopted in full. The case is DISMISSED without prejudice.

It is so ordered.

Date: April 9, 2025                       s/ Toby Crouse
                                          Toby Crouse
                                          United States District Judge