# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-4101-EFM-GEB |
| | ) |
| RUSH COUNTY SHERIFF DEPARTMENT | ) |
| and DEPUTY MARSHALL BROBERG, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Marjorie A. Creamer's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) ("Motion") (**ECF No. 12**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in a civil action.[2] The Court, in its discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[3] *Jackson*, 2014 WL 494789, at *1.
[4] *Castner*, 979 F.2d at 1422.

Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[5] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is also very important.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration of Plaintiff's Motion, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – she is unable to afford counsel, as established in her Motion to Proceed *in forma pauperis*, with Affidavit of Financial Status.[8]

Plaintiff does not satisfy the second factor. Her Motion does not demonstrate sufficient efforts to obtain counsel. Plaintiff's Motion only lists two attorneys or law firms contacted and provides no information on how they were contacted or the response received regarding representation in this matter. And Plaintiff initially states one of the

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson,* 2014 WL 494789, at *3.
[7] *Id.,* at *2.
[8] ECF No. 3-1, *sealed*.

named attorneys contacted, Gary Hart, is deceased. In addition, Plaintiff indicates "attorneys have always lost my case" (ECF No. 12 at 2). Plaintiff's Motion does not satisfy the requirement of demonstrating diligence in attempting to secure counsel.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The undersigned previously reviewed the allegations of Plaintiff's Complaint and recommended her claims be dismissed for lack of jurisdiction (ECF No. 7). The recommendation of dismissal has been adopted (ECF No. 9), this matter was dismissed, and a judgment was entered on April 10, 2025 (ECF No. 10). Plaintiff has not filed an appeal of this final judgment and this Court continues to lack jurisdiction over her ongoing state criminal proceedings (ECF No. 9 at 3). Therefore, the third factor is not met by Plaintiff.

The fourth factor is also not met -- the plaintiff's capacity to prepare and present the case without the aid of counsel. At this time, there is no indication Plaintiff cannot adequately represent herself. Plaintiff's filings to date reflect an understanding of court rules and procedures. In Plaintiff's Complaint (ECF No. 5), she was able to articulate her claims. Further, in the instant Motion, Plaintiff emphasizes her own competent ability and that "attorneys have always lost [her] case" (ECF No. 12 at 1-2).

For the reasons outlined above, **IT IS ORDERED** Plaintiff Marjorie A. Creamer's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) (**ECF No. 12**) is **DENIED without prejudice**. However, this matter remains closed per the final judgment (ECF No. 10).

**IT IS SO ORDERED.**

Dated this 30th day of April 2025.

                                                   s/ Gwynne E. Birzer  
                                                   GWYNNE E. BIRZER  
                                                   United States Magistrate Judge